# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-4288

_____

| | | |
|---|---|---|
| Harold Bierman, et al., | * | |
| | * | |
| Plaintiffs - Appellants, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Pirelli Armstrong Tire Corporation; | * | Southern District of Iowa. |
| Pension and Benefits Plan | * | |
| Administration Committee, | * | **[UNPUBLISHED]** |
| | * | |
| Defendants - Appellees, | * | |

_____

Submitted: May 15, 1998
Filed: July 17, 1998

_____

Before BEAM, LOKEN, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Twenty former employees of Pirelli Armstrong Tire Corporation's Des Moines, Iowa, tire plant commenced this action claiming that Pirelli violated ERISA, 29 U.S.C. §§ 1001 et seq., and state law when it terminated retiree health insurance benefits in 1994. At the time of the retiree benefits termination, plaintiffs were active Pirelli salaried employees and participants in Pirelli's Salaried Health Benefits Plan. Shortly

after announcing the benefits termination, Pirelli sold the Des Moines plant to Titan Tire Corporation, and plaintiffs became employees of Titan. Though the benefits termination had no immediate effect on plaintiffs, they contend in this action that it wrongfully deprived them of vested rights to future retirement health benefits.

The district court granted summary judgment in favor of Pirelli and its Benefits Plan Committee. Noting that in Section 1.03 of the Plan Pirelli expressly "reserve[d] the right to terminate or amend the Health Plan at any time and from time to time by action of the Committee," the court concluded that plaintiffs could not recover under ERISA because there was no promise to provide vested benefits incorporated into the Plan. The court rejected plaintiffs' state law estoppel claims as preempted by and inconsistent with ERISA. Plaintiffs appeal, arguing primarily that references in earlier Plan documents and oral assurances over the years that salaried employees would be eligible for retirement health benefits are sufficient evidence of vested rights to avoid summary judgment. After careful review of the record, we affirm for the reasons stated in the district court's Order dated October 31, 1997. See 8th Circuit Rule 47B. See generally Houghton v. Sipco, Inc., 38 F.3d 953 (8th Cir. 1994); Jensen v. Sipco, Inc., 38 F.3d 945 (8th Cir. 1994), cert. denied, 514 U.S. 1050 (1995).

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.